UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO LYNTICE RILEY,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JARED D. LAZANO,<br><br>　　　　　　Respondent. | No. 2: 18-cv-3050 KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner raises four claims for relief: 1) Batson[1] error; 2) unavailability of jury questionnaires renders review of Batson claim unfair; 3) ineffective assistance of trial counsel; and 4) ineffective of appellate counsel. Petitioner exhausted claims one and two. Petitioner alleges that claims three and four are pending in a habeas corpus petition filed in the Sacramento County Superior Court.

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

1

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), permits federal courts to stay habeas petitions consisting of entirely exhausted claims, when the petitioner seeks a stay to raise new claims in state court. Kelly, 315 F.3d at 1070-71. The Kelly procedure has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one-year statute of limitations. See King, 564 F.3d at 1140–41.

Petitioner is ordered to inform the court whether he seeks to stay this action pending exhaustion of his unexhausted claims. If petitioner seeks to stay this action, petitioner shall inform the court whether the stay is sought pursuant to the procedures in Rhines v. Weber or Kelly v. Small. If petitioner seeks a stay pursuant to Rhines, petitioner shall address the three factors discussed above for a stay pursuant to Rhines.

////

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Within thirty days of the date of this order, petitioner shall inform the court whether he seeks to stay this action; if petitioner seeks to stay this action, he shall inform the court whether the stay is sought pursuant to the procedures in <u>Rhines v. Weber</u> or <u>Kelly v. Small</u>; if the stay is sought pursuant to <u>Rhines</u>, petitioner shall address the three factors discussed above for a stay pursuant to <u>Rhines</u>.

Dated: March 21, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ri3050.100