1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    RICO LYNTICE RILEY,                          No.  2: 18-cv-3050 TLN KJN P

11                          Petitioner,

12           v.                                     FINDINGS & RECOMMENDATIONS

13    PATRICK COVELLO, et al.,

14                          Respondents.

15

16    Introduction

17           Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to amend

19    his petition to add two claims.  (ECF No. 28.)  For the reasons stated herein, the undersigned

20    recommends that petitioner's motion to amend be denied on the grounds that the new claims are

21    barred by the statute of limitations and not exhausted.

22    Legal Standard

23           Leave to amend a habeas petition is governed by Federal Rule of Civil Procedure 15(a)

24    and "'shall be freely given when justice so requires.'"  Morris v. United States Dist. Court, 363

25    F.3d 891, 894 (9th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)).  "The policy of allowing

26    amendments 'is to be applied with extreme liberality.'"  Waldrip v. Hall, 548 F.3d 729, 732 (9th

27    Cir. 2008) (citation omitted).  Courts generally consider five factors:  "'bad faith, undue delay,

28    prejudice to the opposing party, futility of the amendment, and whether the party has previously

                                                    1

1   amended his pleadings.'" Id. (quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

2   "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin,

3   59 F.3d at 845-46 (denial of leave to add meritless claims); see also Caswell v. Calderon, 363

4   F.3d 832, 837-38 (9th Cir. 2004) (denial of leave to add unexhausted, meritless claim).

5   Background

6        Petitioner challenges his 2013 conviction for three counts of forcible sexual penetration

7   with a foreign object (Cal. Penal Code § 289(a)(1)), two counts of sodomy (Cal. Penal Code

8   § 286(c)(2)) and one count of rape (Cal. Penal Code § 261(a)(2)).  (ECF No. 24-12 at 2.)  The

9   jury also found true the allegation that petitioner bound the victim as to all counts except the rape.

10  (Cal. Penal Code §667.61(e)(5).)  (Id.)  Pursuant to the Three Strikes law, petitioner was

11  sentenced to a determinate term of 46 years and a consecutive aggregate indeterminate term of

12  150 years to life.  (Id.)

13       This action proceeds on petitioner's original petition filed, pursuant to the mailbox rule,

14  on November 19, 2018.  (ECF No. 1.)  In claim one, petitioner alleges that the prosecutor violated

15  Batson v. Wheeler, 376 U.S. 79 (1986) by using a peremptory challenge to excuse African-

16  American prospective juror Danica D. based solely on her race.  (Id. at 16-17.)  In claim two,

17  petitioner alleges that the trial court's failure to retain jury questionnaires prevented him from

18  effectively presenting his Batson claim, in violation of his right to due process.  (Id. at 18.)  In

19  claim three, petitioner alleges that his trial counsel was ineffective for failing to investigate and

20  subpoena witness Mariam Beards and other defense witnesses.  (Id. at 19-20.)  In claim four,

21  petitioner alleges that appellate counsel was ineffective for failing to raise the ineffective

22  assistance of counsel claim alleged in claim three.  (Id. at 21.)

23       In the pending motion to amend, filed July 9, 2020, pursuant to the mailbox rule,

24  petitioner seeks leave to file an amended petition adding two new claims.  (ECF No. 28.)  In the

25  proposed new claims, petitioner alleges that trial counsel was ineffective during voir dire for

26  failing to strike proposed jurors 1, 2, 5, 6, 7, 9 and 12 as biased, and that appellate counsel was

27  ineffective for failing to raise this ineffective assistance of counsel claim on appeal.  (Id. at 22-23,

28  25.)

2

1    Discussion

2          Respondent opposes petitioner's motion to amend on the following grounds.  First,

3    respondent argues that petitioner's proposed new ineffective assistance of appellate counsel claim

4    is futile.  Second, respondent argues that petitioner's proposed new claims are barred by the

5    statute of limitations.  Third, respondent argues that petitioner's proposed new claims are not

6    exhausted.  Fourth, respondent argues that petitioner's motion to amend should be denied because

7    of petitioner's undue delay in filing the motion.

8          *Statute of Limitations*

9          Under 28 U.S.C. § 2244(d)(1), state prisoners have only one year in which to file their

10   federal habeas petitions. The one-year limitations period begins to run from the latest of:

11
           (A) the date on which the judgment became final by the conclusion
12         of direct review or the expiration of the time for seeking such review;

           (B) the date on which the impediment to filing an application created
13         by State action in violation of the Constitution or laws of the United
           States is removed, if the applicant was prevented from filing by such
14         State action;

15         (C) the date on which the constitutional right asserted was initially
           recognized by the Supreme Court, if the right has been newly
16         recognized by the Supreme Court and made retroactively applicable
           to cases on collateral review; or
17
           (D) the date on which the factual predicate of the claim or claims
18         presented could have been discovered through the exercise of due
           diligence.
19

20   28 U.S.C. § 2244(d)(1)(A)-(D).

21         In the instant case, the record does not disclose a state impediment that prevented the

22   filing of the motion to amend/amended petition, reliance on new Supreme Court law, or the

23   assertion of new facts that could not have been discovered earlier through the exercise of due

24   diligence.  Accordingly, the triggering date for the running of the statute of limitations in this case

25   is that set forth in subsection (A).

26         On November 29, 2017, the California Supreme Court denied petitioner's petition for

27   review.  (ECF No. 24-14.)  Petitioner's conviction became final 90 days later on February 27,

28   2018.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of direct review for

                                              3

1   the purpose of AEDPA's statute of limitation period "includes the period within which a

2   petitioner can file a petition for writ of certiorari from the United States Supreme Court."). The

3   limitations period began to run the next day and expired on February 28, 2019. Petitioner's new

4   claims, filed July 9, 2020, are time barred unless he is entitled to statutory or equitable tolling.

5       AEDPA's statute of limitations is suspended for the time during which a "properly-filed"

6   application for post-conviction relief is pending in state court, i.e., statutory tolling. See 28

7   U.S.C. § 2244(d)(2). The undersigned herein summarizes petitioner's petitions for post-

8   conviction relief filed in state court.

9       Pursuant to the mailbox rule, on October 21, 2018, petitioner filed a habeas corpus

10   petition in the Sacramento County Superior Court. (ECF No. 24-15 at 26.) On December 11,

11   2018, the Superior Court denied this petition. (ECF No. 24-16.) Pursuant to the mailbox rule, on

12   September 22, 2019, petitioner filed a habeas corpus petition in the California Supreme Court.

13   (ECF No. 24-17 at 14.) The California Supreme Court denied this petition on January 22, 2020.

14   (ECF No. 24-18.)

15       Assuming petitioner is entitled to statutory tolling for the entire time his state petitions

16   were pending, i.e., from October 21, 2018 to January 22, 2020, petitioner is entitled to 458 days

17   of statutory tolling. Adding 458 days to February 28, 2019, extends the statute of limitations to

18   May 31, 2020. Petitioner filed his proposed new claims on July 9, 2020. Therefore, these new

19   claims are time barred unless petitioner is entitled to equitable tolling. See Holland v. Florida,

20   560 U.S. 631, 649 (2010) (a prisoner who files a federal habeas petition after the expiration of the

21   one-year statute of limitations may be entitled to equitable tolling). Petitioner makes no claim for

22   equitable tolling.

23       In the motion to amend, petitioner argues that his motion should be granted because his

24   new claims relate back to the timely claims raised in the original petition. For the reasons stated

25   herein, the undersigned finds this argument without merit.

26       Under certain circumstances, a claim set forth in an amended petition may "relate back" to

27   the filing date of the original petition under Fed. R. Civ. P. 15(c). However, the original and

28   proposed amended claims must be "tied to a common core of operative facts[;]" the proposed

4

1  amended claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it

2  asserts a new ground for relief supported by facts that differ in both time and type from those the

3  original pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650 (2005); see also Hebner v.

4  McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (new claim did not relate back to original petition

5  because it was "separated in time and type.") (citing Mayle, 545 U.S. at 657).

6        As discussed above, the original petition raises four claims.  In claim one, petitioner

7  alleges that the prosecutor violated Batson v. Wheeler, 376 U.S. 79 (1986), by using a peremptory

8  challenge to excuse African-American prospective juror Danica D. based solely on her race.

9  (ECF No. 1 at 16-17.)  In claim two, petitioner alleges that the trial court's failure to retain jury

10  questionnaires prevented him from effectively presenting his Batson claim, in violation of his

11  right to due process.  (Id. at 18.)  In claim three, petitioner alleges that his trial counsel was

12  ineffective for failing to investigate and subpoena witness Mariam Beards and other defense

13  witnesses.  (Id. at 19-20.)  In claim four, petitioner alleges that appellate counsel was ineffective

14  for failing to raise the ineffective assistance of counsel claim alleged in claim three.  (Id. at 21.)

15        In the motion to amend, petitioner raises new claims alleging ineffective assistance of trial

16  and appellate counsel.  (ECF No. 28.)  Petitioner alleges that trial counsel was ineffective for

17  failing to use peremptory challenges to remove potential jurors 1, 2, 5, 6, 7, 9 and 12 based on

18  bias they expressed during voir dire.  (Id. at 22.)  For example, petitioner alleges that potential

19  juror six was biased because her mother had been sexually assaulted.  (Id.)  Petitioner alleges that

20  potential juror seven was biased because her sister had been raped and they had a couple of

21  friends who had been raped.  (Id. at 23.)  Petitioner alleges that appellate counsel was ineffective

22  for failing to raise this issue of ineffective assistance of counsel claim on appeal.  (Id. at 25.)

23        The facts alleged in petitioner's new ineffective assistance of trial and appellate counsel

24  claims differ in time and type from the facts alleged in support of the claims raised in the original

25  petition.  In the new ineffective assistance of counsel claim, petitioner alleges that trial counsel

26  was ineffective for failing to challenge biased jurors during voir dire.  In contrast, in the original

27  petition, petitioner alleges that trial counsel failed to investigate and present defense witnesses

28  during trial.  The facts regarding these ineffective assistance of counsel claims are unrelated, as

1   one concerns trial counsel's conduct during voir dire and the other concerns trial counsel's

2   alleged failure to investigate and subpoena witnesses for trial.

3        The fact that petitioner raises ineffective assistance of counsel claims in the original and

4   amended petition is not sufficient to support relation back.  See United States v. Marulanda, 226

5   F.App'x 709, 710-11 (9th Cir. 2007) (claim that trial counsel was ineffective for referring to

6   previous trial on same charge did not relate back to claims that counsel was ineffective for

7   "insulting the judge, failing to object to the jury selection process, failing to inform [defendant] of

8   his right to testify, and failing to object to the government's use of the word 'Columbian' at

9   trial.")

10       The facts alleged in support of the Batson claim raised in the original petition are

11  unrelated to the facts alleged in support of the ineffective assistance of counsel claim raised in the

12  amended petition.  The Batson claim alleges misconduct by the prosecutor, whereas the

13  ineffective assistance of counsel claim alleged in the amended petition alleges misconduct by trial

14  counsel.

15       The undersigned also finds that petitioner's new ineffective assistance of appellate counsel

16  claim does not relate back to the claims raised in the original petition because it is based on

17  different facts as the claims raised in the original petition.  See also Schneider v. McDaniel, 674

18  F.3d 1144, 1151 (9th Cir. 2012) (upholding district court's rejection of petitioner's argument that

19  any claim of ineffective assistance of appellate counsel based on the failure to raise an issue on

20  appeal relates back to any other claim alleging ineffective assistance of appellate counsel for

21  failing to raise an issue appeal:  "A holding that relation back is available in that circumstance

22  would stand the Supreme Court's decision in Mayle on its head.")

23       For the reasons discussed above, the undersigned finds that petitioner's ineffective

24  assistance of trial and appellate counsel claims raised in the amended petition do not relate back

25  to the claims raised in the original petition.  Accordingly, petitioner's motion to amend should be

26  denied because the new claims are time barred, and it would be futile to add them to the petition.

27  ////

28  ////

1    *Exhaustion*

2         Respondent also argues that adding the proposed new claims would be futile because they

3    are not exhausted.

4         The exhaustion of available state remedies is a prerequisite to a federal court's

5    consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy,

6    455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by

7    providing the highest state court with a full and fair opportunity to consider all claims before

8    presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v.

9    Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

10        Petitioner did not raise his new claims in the petition for review filed in the California

11   Supreme Court (ECF No. 24-13) or in the habeas corpus petition filed in the California Supreme

12   Court on September 22, 2019 (ECF No. 24-17).  Therefore, petitioner's new claims are not

13   exhausted.  Accordingly, the motion to amend should be denied because the new claims are not

14   exhausted, and it would be futile to add them to the petition.

15        The undersigned also finds, for the reasons stated herein, that a stay of this action in order

16   for petitioner to exhaust the unexhausted claims raised in the amended petition is not appropriate

17   because the claims are time barred.

18        There are two kinds of stays available when a petitioner wants to present a claim for

19   which he has not exhausted state court remedies: the Rhines stay and the Kelly stay.  See Rhines

20   v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other

21   grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

22        Petitioner is not entitled to a stay under either Rhines or Kelly because his new claims are

23   not timely.  See Johnson v. Federal Court Judges, 2020 WL 2114931, at *6 (C.D. Cal. March 20,

24   2020) (petitioner not entitled to stay under either Rhines or Kelly if claims are time barred); King

25   v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly was

26   appropriate because staying the proceedings would not eliminate the untimeliness problem).

27   ////

28   ////

7

1        *Remaining Arguments*

2              Respondent also argues that adding petitioner's proposed new ineffective assistance of

3     appellate counsel claim would be futile because there is no scenario in which the court could

4     grant relief as to this claim.  (ECF No. 31 at 3-4.)  Respondent also argues that the motion to

5     amend should be denied because of petitioner's undue delay.  (Id. at 7-8.)  The undersigned need

6     not reach these arguments because it is clear that the motion to amend should be denied on the

7     grounds that the new claims are barred by the statute of limitations and not exhausted.

8              Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to file an

9     amended petition raising two new claims (ECF No. 28) be denied.

10            These findings and recommendations are submitted to the United States District Judge

11    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12    after being served with these findings and recommendations, any party may file written

13    objections with the court and serve a copy on all parties.  Such a document should be captioned

14    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15    objections shall be served and filed within fourteen days after service of the objections.  The

16    parties are advised that failure to file objections within the specified time may waive the right to

17    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18    Dated:  November 2, 2020

19

20                                                          KENDALL J. NEWMAN
                                                            UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

                                                    8